Douglas Kruschen
P.O. Box 465
Agoura Hills, CA 91376-0465
plaintiff@BarristerGlobalLawsuit.com
(805) 225-3328
*(Plaintiff Pro Se)*

FILED
2015 FEB 10 PM 2: 53
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DOUGLAS KRUSCHEN, an individual,<br><br>*Plaintiff*<br><br>v.<br><br>BARRISTER GLOBAL SERVICES NETWORK, INC., a Delaware corporation,<br><br>*Defendant* | Case No.: CV15-961 - RGK FFMx<br><br>**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Judge:<br>Dept.:<br>Trial Date: |

COMES NOW Plaintiff DOUGLAS KRUSCHEN, an individual, and for causes of action against Defendant, alleges as follows:

## INTRODUCTION

1.  Count I of Plaintiff's Complaint is based on the Fair Credit Reporting Act, *15 U.S.C. § 1681 et seq.* (FCRA).

2.  Count II of Plaintiff's Complaint is based on the Investigative Consumer Reporting Agencies Act, *California Civil Code § 1786 et seq.* (ICRAA).

3.  Count III of Plaintiff's Complaint is based on California's Unfair Competition Law, *California Business & Professions Code § 17200 et seq.* (UCL).

4.  Count IV of Plaintiff's Complaint is based on *California Labor Code § 432.7*.

5.  Count V of Plaintiff's Complaint is based on the California Fair Employment and Housing Act, *California Government Code § 12900 et seq.* (FEHA).

## JURISDICTION AND VENUE

6.  Jurisdiction of this court arises pursuant to *15 U.S.C. § 1681 et seq.*, and *28 U.S.C. § 1331*.

7.  *28 U.S.C. § 1367* grants this court supplemental jurisdiction over the state claims contained therein.

8.  Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

9.  Venue is proper pursuant to *28 U.S.C. § 1391(b)(2)*.

10. Declaratory relief is available pursuant to *28 U.S.C. §§ 2201 and 2202*.

## PARTIES

11. Plaintiff is a citizen of the state of California, residing within the federal Central District.

12. Plaintiff is a "person" as defined by *47 U.S.C. §§ 153(39) and 1681a(b)*.

13. Plaintiff is a "consumer" as defined by *15 U.S.C. §§ 1681a(c) and 1692(a)(3)*.

14. Defendant engages in "interstate communications" as defined by *47 U.S.C. § 153(28)*.

15. Defendant, at all times relevant to this complaint, was engaged in commercial transactions throughout this county, the State of California and the various states of the United States of America.

16. Defendant is a Delaware corporation with its principal office located in Hammond, Louisiana.

17. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

18. On August 26, 2014, Defendant contacted Plaintiff regarding an employment opportunity informing Plaintiff he has "...been identified as one of the potential candidates."

19. On August 26, 2014, Plaintiff advised Defendant of his interest in the opportunity.

20. On September 2, 2014, Defendant requested Plaintiff execute myriad documents including, "Application," "I-9," "W-4," "DE 4 – California Withholding Certificate," "Direct Deposit Authorization Form," and "Flex Force Questionnaire."

21. On September 5, 2014, and again September 8, 2014, Plaintiff returned the executed documents to Defendant.

22. On September 12, 2014, Defendant's third-party administrator, HireRight, Inc., informed Plaintiff of his need to undergo a drug test and Plaintiff completed the drug test same-day.

23. On September 15, 2014, Defendant's third-party administrator, HireRight, Inc., informed Plaintiff they were performing a background investigation on Defendant's behalf.

24. On September 23, 2014, Defendant delivered a confidential and proprietary training and instruction manual to Plaintiff.

25. Between September 26, 2014, and September 29, 2014, Plaintiff and Defendant communicated regarding training scheduling and religious accommodation.

26. Rather than accommodate Plaintiff, on October 1, 2014, Defendant informed Plaintiff of termination.

27. On or about November 5, 2014, Plaintiff obtained right to sue from California's Department of Fair Employment and Housing authorizing the filing of this lawsuit.

## COUNT I

## DEFENDANT VIOLATED THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 et seq.

28. Section 1681b(b)(2)(A) of the FCRA provides, in relevant part:

   (b) Conditions for furnishing and using **consumer reports for employment purposes.**

   (2) Disclosure to consumer

       (A) In general

       Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer

report to be procured, for employment purposes with respect to any consumer, unless—

    (i) a ***clear and conspicuous*** disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and

    (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added.)

29. Section 1681d(a) provides, in relevant part:

(a) Disclosure of fact of preparation

    (1) A person may not procure or cause to be prepared an **investigative consumer report** on any consumer unless—

        (1) it is **clearly and accurately disclosed** to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure

            (A) is made in a writing mailed, or otherwise delivered, to the consumer, not

later than three days after the date on which the report was first requested, and (B) **includes a statement informing the consumer of his right to request the additional disclosures** provided for under subsection (b) of this section **and the written summary of the rights of the consumer prepared pursuant to section 1681g(c)** of this title; (Emphasis Added.)

30. Defendants violated Section 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff with a clear and conspicuous written disclosure, before a consumer report is procured or caused to be procured, that a consumer report may be obtained for employment purposes, in a document that consists solely of the disclosure.

31. Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant has a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring consumer reports or causing consumer reports to be procured. Pursuant to that policy and practice, Defendant procured a consumer report or caused a consumer report to be procured for Plaintiff without first providing a written disclosure in compliance with Section 1681b(b)(2)(A) of the FCRA.

32. Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was willful. Defendant acted in deliberate or

reckless disregard of their obligations and the rights of Plaintiff. Defendants' willful conduct is reflected by, among other things, the following facts:

(a) Defendant is a large company with access to legal advice through outside employment counsel;

(b) Defendant included a purported authorization to perform background checks in their employment application which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations.

33. Defendant violated section 1681d(a)(1) of the FCRA by failing to "clearly and accurately" disclose that an investigative consumer report may be made; failing to include a statement informing Plaintiff that an investigative consumer report involves personal interviews with sources such as neighbors, friends, or associates; failing to inform them of their right to request the additional disclosures provided for under 1681d(b); and failing to provide a written summary of Plaintiff's rights under 1681g(c) as part of the disclosure.

34. On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant has a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without providing a written summary of their rights under the FCRA at the same time as

the disclosure explaining that an investigative consumer report may be made. Pursuant to that policy and practice, Defendant procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff without providing a timely written summary of their rights under the FCRA.

35. Accordingly, Defendant willfully violated and continues to violate the FCRA including, but not limited to, Sections 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

36. As a result of Defendants illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiff has been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

## COUNT II

## DEFENDANT VIOLATED THE INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT (ICRAA), Cal. Civ. Code § 1786 et seq.

37. Plaintiff repeats, re-alleges and incorporates by reference each of the foregoing paragraphs, and each and every part thereof with the same force and effect as though set out at length herein.

38. Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

39. Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

40. Section 1786.16(b)(1) provides, in relevant part:

> (b) Any person described in subdivision (d) of Section 1786.12 who requests an investigative consumer report, in accordance with subdivision (a) regarding that consumer, shall do the following:
>
> (1) Provide the consumer a means by which the consumer may indicate on a written form, by means of a box to check, that the consumer wishes to receive a copy of any report that is prepared. **If the consumer wishes to receive a copy of the report, the recipient of the report shall send a copy of the report to the consumer within three business days of the date that the report is provided to the recipient, who may contract with any other**

**entity to send a copy to the consumer.** The notice to request the report may be contained on either the disclosure form, as required by subdivision (a), or a separate consent form. The copy of the report shall contain the name, address, and telephone number of the person who issued the report and how to contact them. (Emphasis Added.)

41. Defendants violated Section 1786.16(b)(1) by failing to provide to Plaintiff the opportunity to receive a copy of his investigative consumer report when requested within three business days of the date that the report was provided to Defendant.

42. As a result of Defendants' willful or grossly negligent failure to provide the required form and/or report(s) as set forth above, Plaintiff has been injured by, among other things, having his privacy and statutory rights invaded in violation of the ICRAA.

## COUNT III

## DEFENDANT VIOLATED CALIFORNIA'S UNFAIR COMPETITION LAW (UCL), Cal. Civ. Code § 17200 et seq.

43. Plaintiff repeats, re-alleges and incorporates by reference each of the foregoing paragraphs, and each and every part thereof with the same force and effect as though set out at length herein.

44. California's Unfair Competition Law ("UCL"), California Business & Professions Code Section 17200 et seq.,

protects both consumers and competitors by promoting fair competition in commercial markets for goods and services. The UCL prohibits any unlawful, unfair or fraudulent business act or practice. A business practice need only meet one of the three criteria to be considered unfair competition. An unlawful business practice is anything that can properly be called a business practice and that at the same time is forbidden by law.

45. As described above, Defendant has violated the "unlawful" prong of the UCL in that Defendants' conduct violated numerous provisions of the FCRA.

46. Defendant has violated the "unfair" prong of the UCL in that they gained an unfair business advantage by failing to comply with state and federal mandates in conducting background checks and otherwise taking the necessary steps to adhere to the FCRA. Further, any utility for Defendants' conduct is outweighed by the gravity of the consequences to Plaintiff and because the conduct offends public policy.

47. As a result of Defendants' conduct described herein and their willful violations of California Business & Professions Code Section 17203, Plaintiff has lost money and suffered harm as described herein.

## COUNT IV

## DEFENDANT VIOLATED CALIFORNIA LABOR CODE § 432.7

48. Plaintiff repeats, re-alleges and incorporates by reference each of the foregoing paragraphs, and each and every part thereof with the same force and effect as though set out at length herein.

49. California Labor Code § 432.7 restricts employers from asking applicants to disclose information regarding prior arrests or criminal charges not resulting in conviction.

50. Section 432.7(a) provides, in relevant part:

    (a) No employer, whether a public agency or private individual or corporation, shall ask an applicant for employment to disclose, through any written form or verbally, information concerning an arrest or detention that did not result in conviction...

51. Defendant asked Plaintiff, as part of its "Flex Force Questionnaire":

    17. Have you been charged with any misdemeanors or felonies in the last 5 years? If so, pls [sic] explain.

52. Defendant violated California Labor Code § 432.7(a) by requiring protected information be disclosed.

53. As a result of Defendants' willful, intentional or grossly negligent conduct as set forth above, Plaintiff has been injured by, among other things, having his privacy and statutory rights invaded in violation of Section 432.7(a).

## COUNT V

## DEFENDANT VIOLATED THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (FEHA), Cal. Gov. Code § 12900 et seq.

54. Plaintiff repeats, re-alleges and incorporates by reference each of the foregoing paragraphs, and each and every part thereof with the same force and effect as though set out at length herein.

55. California Government Code § 12940(a) deems it an unlawful employment practice for *"an employer...because of...religious creed...of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."*

56. California Government Code § 12940(l)(1) deems it unlawful, *"For an employer or other entity covered by this part to refuse to hire or employ a person...or to bar or to discharge a person from employment...or to discriminate against a person in compensation or in terms, conditions, or privileges of employment because of a conflict between the person's religious belief or observance and any employment requirement...Religious belief or observance, as used in this section, includes, but is not limited to, observance of a Sabbath or other religious holy day or days, reasonable time necessary for travel prior and subsequent to a religious observance, and religious dress practice and religious grooming..."*

57. Defendant discriminated against Plaintiff in violation of FEHA by failing to reasonably accommodate Plaintiff's religious belief or observance.

58. Defendant discriminated against Plaintiff in violation of FEHA by discharging Plaintiff from employment as a result of his request for reasonable religious accommodation.

59. As a result of Defendants' willful, intentional or grossly negligent, and discriminatory conduct as set forth above, Plaintiff has been injured by, among other things, loss of employment, compensation, earning capacity, emotional distress, embarrassment, and humiliation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DOUGLAS KRUSCHEN, requests judgment be entered against Defendant, BARRISTER GLOBAL SERVICES, INC., for the following:

**Count I:**

60. Declaratory judgment that Defendant's conduct violated the Fair Credit Reporting Act,

61. Statutory and/or actual damages pursuant to the Fair Credit Reporting Act, *15 U.S.C. § 1681n,*

62. Punitive damages pursuant to the Fair Credit Reporting Act, *15 U.S.C. § 1681n,*

63. Costs and reasonable attorney's fees pursuant to the Fair Credit Reporting Act, *15 U.S.C. § 1681n,* and

64. Any other relief as the court deems appropriate.

65. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were

negligent and seeks the appropriate remedy, if any, under *15 U.S.C. § 1681o.*

**Count II:**

66. Declaratory judgment that Defendant's conduct violated the Investigative Consumer Reporting Agencies Act,
67. Actual damages pursuant to the Investigative Consumer Reporting Agencies Act, *Cal. Civ. Code § 1786.50,*
68. Punitive damages pursuant to the Investigative Consumer Reporting Agencies Act, *Cal. Civ. Code § 1786.50,*
69. Injunctive and equitable relief pursuant to the Investigative Consumer Reporting Agencies Act, *Cal. Civ. Code § 1786.50,*
70. Costs and reasonable attorney's fees pursuant to the Investigative Consumer Reporting Agencies Act, *Cal. Civ. Code § 1786.50,* and
71. Any other relief as the court deems appropriate.

**Count III:**

72. Declaratory judgment that Defendant's conduct violated California's Unfair Competition Law,
73. An order enjoining Defendant from continuing to engage in the unfair and unlawful conduct described herein,
74. Costs and reasonable legal fees pursuant to California Code of Civil Procedure § 1021.5, and
75. Any other relief as the court deems appropriate.

**COUNT IV:**

76. Declaratory judgment that Defendant's conduct violated California Labor Code § 432.7(a),

77. An order enjoining Defendant from continuing to engage in the unlawful conduct described herein,
78. Statutory damages pursuant to California Labor Code § 432.7(c),
79. Costs and reasonable legal fees pursuant to California Labor Code § 432.7(c), and
80. Any other relief as the court deems appropriate.

**COUNT V:**

81. Declaratory judgment that Defendant's conduct violated California Government Code § 12900 et seq.,
82. An order enjoining Defendant from continuing to engage in the unlawful conduct described herein,
83. General and compensatory damages,
84. Punitive damages pursuant to California Civil Code § 3294.
85. Costs and reasonable legal fees pursuant to California Government Code § 12965,
86. Interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest; and
87. Any other relief as the court deems appropriate.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DOUGLAS KRUSCHEN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: February 6, 2015

By: Douglas Kruschen
(Plaintiff Pro Se)

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, DOUGLAS KRUSCHEN, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I believe that all of the facts contained in the above entitled civil Complaint are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass and Defendant, cause unnecessary delay to and Defendant, or create needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by me where appropriate, I have not altered, changed, modified or fabricated exhibits, except some may contain my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DOUGLAS KRUSCHEN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: February 6, 2015

By: DOUGLAS KRUSCHEN
(Plaintiff)

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself [X] )
KRUSCHEN, DOUGLAS

**DEFENDANTS** ( Check box if you are representing yourself [ ] )
BARRISTER GLOBAL SERVICES NETWORK, INC.

**(b) County of Residence of First Listed Plaintiff** VENTURA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

**(c) Attorneys** (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.
P.O. BOX 465
AGOURA HILLS, CA 91376
(805) 225-3208

Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- [ ] 1. U.S. Government Plaintiff
- [ ] 2. U.S. Government Defendant
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)
- [X] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Reinstated or Reopened
- [ ] 5. Transferred from Another District (Specify)
- [ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No   [ ] **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1681 et seq. (Fair Credit Reporting Act)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [ ] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:** | [ ] 820 Copyrights |
| [ ] 400 State Reapportionment | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 463 Alien Detainee | [ ] 830 Patent |
| [ ] 410 Antitrust | [ ] 130 Miller Act | [ ] 290 All Other Real Property | | [ ] 510 Motions to Vacate Sentence | [ ] 840 Trademark |
| [ ] 430 Banks and Banking | [ ] 140 Negotiable Instrument | **TORTS** | **TORTS** | [ ] 530 General | **SOCIAL SECURITY** |
| [ ] 450 Commerce/ICC Rates/Etc. | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) |
| [ ] 460 Deportation | | [ ] 310 Airplane | [ ] 370 Other Fraud | **Other:** | [ ] 862 Black Lung (923) |
| [ ] 470 Racketeer Influ-enced & Corrupt Org. | [ ] 151 Medicare Act | [ ] 315 Airplane Product Liability | [ ] 371 Truth in Lending | [ ] 540 Mandamus/Other | [ ] 863 DIWC/DIWW (405 (g)) |
| [X] 480 Consumer Credit | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 320 Assault, Libel & Slander | [ ] 380 Other Personal Property Damage | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI |
| [ ] 490 Cable/Sat TV | | [ ] 330 Fed. Employers' Liability | [ ] 385 Property Damage Product Liability | [ ] 555 Prison Condition | [ ] 865 RSI (405 (g)) |
| [ ] 850 Securities/Com-modities/Exchange | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 340 Marine | **BANKRUPTCY** | [ ] 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| [ ] 890 Other Statutory Actions | [ ] 160 Stockholders' Suits | [ ] 345 Marine Product Liability | [ ] 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 891 Agricultural Acts | | [ ] 350 Motor Vehicle | [ ] 423 Withdrawal 28 USC 157 | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 893 Environmental Matters | [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | [ ] 690 Other | |
| [ ] 895 Freedom of Info. Act | [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 440 Other Civil Rights | **LABOR** | |
| [ ] 896 Arbitration | [ ] 196 Franchise | [ ] 362 Personal Injury-Med Malpratice | [ ] 441 Voting | [ ] 710 Fair Labor Standards Act | |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | [ ] 365 Personal Injury-Product Liability | [ ] 442 Employment | [ ] 720 Labor/Mgmt. Relations | |
| | [ ] 210 Land Condemnation | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 443 Housing/ Accommodations | [ ] 740 Railway Labor Act | |
| [ ] 950 Constitutionality of State Statutes | [ ] 220 Foreclosure | | [ ] 445 American with Disabilities-Employment | [ ] 751 Family and Medical Leave Act | |
| | [ ] 230 Rent Lease & Ejectment | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 446 American with Disabilities-Other | [ ] 790 Other Labor Litigation | |
| | | | [ ] 448 Education | [ ] 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: CV15-961

CV-71 (10/14)          CIVIL COVER SHEET          Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court?<br>☐ Yes ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br>☐ Yes ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division.<br>Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division.<br>Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division.<br>Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br>☐ Yes ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division.<br>Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division.<br>Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division.<br>Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| D.1. Is there at least one answer in Column A?<br>☐ Yes ☒ No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | D.2. Is there at least one answer in Column B?<br>☐ Yes ☒ No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? ||
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☒ Yes ☐ No |

CV-71 (10/14)      CIVIL COVER SHEET      Page 2 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO  ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** [signature]   DATE: FEBRUARY 6, 2015

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |